We are of the opinion that the defendant's motion to discharge the rule should be denied.
The motion is based on the ground that the suit was begun and is now prosecuted without lawful authority from Tucker Little. This position, however, is not sustained by the proof. The affidavit of Henry C. Clark is to the effect that he bought, as of April 1, 1881, all the business, accounts, choses in action, claims and assets of every kind, of Tucker Little, with theright to use their names in the collection of the same; that in so doing he negotiated and dealt chiefly with Henry G. Tucker, who had exclusive charge of the accounts and office business of the firm, while Mr. Little attended to its business outside on the wharf and in the yard; that he thereafter continued the business taking his son into partnership with himself under the name of the Providence Coal Company; that the claims included in the present suit had been the subject of frequent conversations between *Page 323 
Tucker and himself and were perfectly understood between them as among the claims included in the sale.
The testimony of Mr. Little is not inconsistent with this statement of Mr. Clark. He testifies merely that he did not himself know of the pendency of the suit until about three weeks prior to his testifying, and that, so far as he knew, Mr. Tucker in his lifetime did not employ or authorize Mr. Clark's attorney to bring any suit in the name of the firm against the defendant. When asked if he had anything to do at the present time with the suit, except as he was there as a witness under summons, he replied, "Well, I don't know. That is a broad question. I have already stated that I had, nothing to do with bringing this suit. I sold out certain rights to Mr. Clark."
This testimony corroborates, rather than contradicts that of Mr. Clark, since it admits that certain rights were sold to him and does not deny, either that the claims in suit were included in the sale, or that authority was given to Mr. Clark to use the name of the firm for the collection of the claims sold to him. Authority to use the name of the firm for the collection of the claims due to the firm, included in the sale, is broad enough to authorize the bringing of a suit, if necessary for such collection.
Another ground of the motion is that Henry G. Tucker, one of the parties named as a plaintiff in the suit, has deceased since the entry of the rule; whereby the suit, if any suit there ever was, has abated.
This ground cannot be maintained. The suit, though for a tort, having been begun by authority from Tucker Little was not abated by the subsequent death of Mr. Tucker. City of Atlanta
v. Dooly, 74 Ga. 702, 708; Bohm v. Dunphy, 1 Montana, 333, 341; Dicey on Parties to Actions, 382.
Motion denied and dismissed.