ROYAL INSURANCE CO., LTD. *vs.* HOLLIS R. KIRWIN, *et al.*

JANUARY 14, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This is an action of trover and conversion. The case is before us on the plaintiff's exception to a ruling of the trial court nonsuiting the plaintiff.

The plaintiff insured the owner of an Essex coach against loss by theft. The automobile, after having been stolen, came into the possession of the defendants who converted the same by selling. Thereafter the plaintiff paid the

insured the amount due under the policy and received from the insured a bill of sale of the automobile. No formal assignment of the right of action for conversion was made.

The plaintiff contends that the mere transfer of title from the insured to the plaintiff gave the latter the right to sue in its own name for an act of conversion committed before such transfer of title.

Assuming that it was the intention of the insured and the plaintiff that the right of action for the tort pass to the plaintiff, or, assuming that the plaintiff by paying the loss became subrogated to all rights of the insured against the wrongdoer,—See 14 R. C. L. 1404—it is well settled, in the absence of statute, that, unless the original debtor has promised to pay the assignee, an assignee of a chose in action cannot, at law, sue in his own name but must proceed in the name of his assignor;—*Clark* v. *Wilson*, 103 Mass. 219, see also *Tucker* v. *Providence & W. R. R. Co.*, 18 R. I. 322, 27 A. 448; *Goodman* v. *Zitserman*, 47 R. I. 466, 134 A. 4— and it is well settled that: "At common law an action by an insurer based on subrogation should be brought in the name of the insured, or in the name of the insured for the use of the insurer." 14 R. C. L. 1410.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the nonsuit.

*Raymond & Semple, Harold R. Semple,* for plaintiff.
*Huddy & Moulton, Stuart H. Tucker,* for defendant.